O
JS-6

# United States District Court
# Central District of California

SONIA GARCIA, an individual,

    Plaintiff,

v.

MERCHANTS BANK OF CALIFORNIA, N.A., a National Banking Association; SCOTT RACUSIN, an individual; and Does 1 through 50, inclusive,

    Defendants.

Case No. 2:17-cv-04791-ODW-SK

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [7]**

## I. INTRODUCTION

Before the Court is Plaintiff Sonia Garcia's Motion to Remand. (Mot., ECF No. 7.) For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

## II. BACKGROUND

In April 2015, Defendant Merchants Bank of California ("Merchants Bank") hired Plaintiff Sonia Garcia as a Bank Secrecy Act ("BSA") Officer. (*See* Compl. ¶ 11, ECF No. 1-2.) Plaintiff was responsible for ensuring Merchants Bank complied with the BSA, including the anti-money laundering ("AML") provisions. (*Id.* ¶ 14.)

Plaintiff alleges that around July 2015, Plaintiff alerted her superiors at Merchants Bank of transactions that potentially did not comply with the BSA. (*Id.* ¶ 18.) In October 2015, she informed the Merchants Bank Board of Directors and executives of the company's potential BSA violations and, in response, the Board discounted her concerns. (*Id.* ¶ 19.)

Plaintiff ultimately alerted the U.S. Office of the Comptroller of the Currency to the suspicious transactions and federal regulators initiated a high-level review of Merchants Bank. (*Id.* ¶ 21.) Plaintiff alleges that, subsequent to the initiation of the review, Merchants Bank further stripped Plaintiff of her responsibilities and reallocated them to another employee. (*Id.* ¶ 22.) Plaintiff complained about her reduced responsibilities to the Chairman of the Consent Order Compliance Program and the Human Resources Department. (*Id.* ¶ 23–24.) Plaintiff alleges that work hostility intensified until Merchants Bank fired her in September 2016. (*Id.* ¶¶ 30–32, 35.)

On May 11, 2017, Plaintiff filed this action in state court against Defendants Merchants Bank and Scott Racusin alleging claims for: (1) Whistleblower Retaliation (Cal. Lab. Code section 1102.5); (2) Wrongful Termination in Violation of Public Policy; (3) Defamation; (4) Violations of Business and Professions Code section 1700; and (5) Waiting-Time Penalties (Cal. Lab. Code section 203). (*Id.* 1.) On June 26, 2017, Defendants removed this action from state court to federal court. (Not. of Removal, ECF No. 1.)

### III.  LEGAL STANDARD

Federal courts have subject matter jurisdiction only as authorized by the Constitution and by Congress. U.S. Const. art. III, § 2, cl. 1; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). A defendant may remove a case from

2

state court to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006).

## IV. DISCUSSION

Plaintiff's Complaint lacks any federally based claims and she premises all of her claims on state law. (Mot. 14.) Plaintiff argues that her claims do not present a substantial, disputed federal question, nor do they elicit the artful pleading doctrine. (*Id.* at 14–15.) Defendants argue that Plaintiff's state-law claims necessarily raise a federal issue that requires the interpretation and application of BSA rules, AML provisions, and related regulations. (Opp'n 11–12, ECF No. 10.) Defendants further contend that Plaintiff's claims are preempted by section 24 (Fifth) of the National Bank Act and thus remand is improper. (*Id.* at 16.)

Plaintiff claims the interpretation of BSA rules is not an essential element of her claims, and that whether Merchants Bank actually violated federal banking laws is irrelevant. (Reply 9, ECF No. 11.) Plaintiff also argues that Defendants' preemption argument is simply a defense, and does not provide a basis for federal jurisdiction. (*Id.* at 12.) The Court agrees with Plaintiff that the Complaint lacks any independent basis for federal jurisdiction and, as such, remand is proper.

### A. No Independent Basis for Federal Jurisdiction

The "well-pleaded complaint rule" provides "that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction may exist where "a state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314–15 (2005) (holding the meaning of a federal tax provision "is an important issue of federal law that sensibly belongs in a federal court").

Under California Law, Plaintiff may support her claim for wrongful termination by demonstrating she maintained "reasonably based suspicions" for reporting her employer's potential violation. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 87 (1998). Defendants assert that proving Plaintiff "reasonably believed the Bank was not complying with the BSA and AML rules . . . necessarily will involve interpretation of a complex scheme of federal banking statutes and regulations." (Opp'n 12.) Plaintiff argues she will not have to prove that Merchants Bank *actually* violated any federal law. (Reply 9.) The California Supreme Court has determined that "an employee need not prove an actual violation of law" in order to establish their "reasonably based suspicions." *Green*, 19 Cal. 4th at 87. Furthermore, Defendants have not sufficiently demonstrated in what way Plaintiff's case would involve the interpretation and application of the BSA and AML rules and regulations. (*See* Opp'n 11–12.)

Defendants rely on *Grable* and *D'Alessio* to support their assertion that there is federal jurisdiction here. (Opp'n 10–11.) In *Grable*, the Supreme Court found federal jurisdiction existed because interpretation of a federal statute was an "essential element" towards the resolution of plaintiff's claims. *Grable*, 545 U.S. at 314. In *D'Alessio*, the Second Circuit found federal jurisdiction where the plaintiff premised her claims on the defendants' failure to comply with federal laws and regulations. *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 103 (2d Cir. 2001). Here, Plaintiff's claim is neither like *Grable* nor *D'Alessio*, as interpretation of a federal statute is not an "essential element" of Plaintiff's claim because she need only prove she had "reasonably based suspicions" regarding her employer's unlawful acts. *See Green*, 19 Cal. 4th at 87. This showing is unlike the showing required in *D'Alessio*, where the plaintiff's claims "necessarily require[d] an inquiry into whether the NYSE

satisfactorily performed its duty in identifying potential violations of the federal securities laws and assisting in any criminal or civil investigation arising from a member's noncompliance with those laws, [which were] both areas of strong federal interest." *D'Alessio*, 258 F.3d at 103. Here, the Court will be required to analyze Plaintiff's state of mind in reporting the alleged violations, as opposed to the thrust of the regulations themselves.

Defendants contend that subject matter jurisdiction exists here because Plaintiff has a private right of action available to her pursuant to 12 U.S.C. section 183j(b). (Opp'n 13.) Defendants further support their contention by citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 817 (1986) to suggest that Congress intended to confer subject matter jurisdiction over cases where section 183j(b) provides a private right of action. (*Id.*) In *Merrell*, the Court established that there is no substantial federal question issue in cases where Congress has *not* provided a private right of action. *Merrell Dow Pharm. Inc.*, 478 U.S. at 817. However, "*Merrell Dow* neither purported to establish a *per se* rule for cases where Congress **has** provided a private right of action nor repudiated the well-established rule that 'the party who brings a suit is master to decide what law he will rely on.'" *Lyster v. First Nationwide Bank Fin. Corp.*, 829 F.Supp. 1163, 1169 (N.D. Cal. 1993) (citing *The Fair v. Kohler Die Specialty Co.*, 228 U.S. 22, 25 (1913)) (emphasis added). Here, the Court does not have subject matter jurisdiction over Plaintiff's claim simply because she *could* have brought a claim under section 183j(b). *Id.*

Courts have long understood that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell*, 478 U.S. at 813. The California Superior Court is a court of general jurisdiction and, as such, is capable of undertaking any case, even where there may be the presence of a federal issue. *See* Cal. Civ. Proc. Code § 410.10 (West). The Court finds there is no subject matter jurisdiction over Plaintiff's claims.

//

**B.     Complete Preemption Doctrine**

Defendants argue that Plaintiff's state law claims are preempted by section 24 (Fifth) of the National Bank Act. (Opp'n 16.) The complete preemption doctrine is a narrow exception to the rule that courts must determine the existence of federal question jurisdiction by looking at the plaintiff's claims rather than the defendant's defenses. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). Complete preemption exists where "a federal statute wholly displaces the state-law cause of action." *Id.* (internal quotation marks omitted). Federal question jurisdiction exists in those instances because the federal regulatory scheme subsumes the plaintiff's claim, and thus, "even if pleaded in terms of state law, is in reality based on federal law." *Id.* at 207–08 (internal quotation marks omitted).

In *Lyster v. First Nationwide Bank Financial Corp.*, the plaintiff filed suit in California Superior Court against his bank employer for, *inter alia*, wrongful termination and retaliation, and the defendants removed to federal court. *Lyster*, 829 F.Supp. at 1165. On a motion to remand, the defendants there argued that the plaintiff's claims would be preempted by 12 U.S.C. section 1831j should the case be remanded to state court. *Id.* at 1167. In *Lyster*, the court determined that section 1831j "can hardly be considered a candidate for the 'complete preemption corollary' [as it] does *not* preempt state law." *Id.* at 1168. The Court here finds the facts and circumstances in *Lyster* to be substantially similar to the case at hand. Defendants fail to establish that the issue of preemption here is anything more than an affirmative defense to two of Plaintiff's claims to be adjudicated in state court. The Court finds no reason to depart from the reasoning expressed in *Lyster* and, therefore, the complete preemption doctrine is not applicable here.

//
//
//
//

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's Motion to Remand (ECF No. 7) and **REMANDS** this case to the Los Angeles Superior Court, Case No. BC661198.

**IT IS SO ORDERED.**

September 19, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**